IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

FARES GRANDIN,

Petitioner,

vs.

WARDEN MCCOOK DETENTION CENTER, SECRETARY, D.H.S, DIRECTOR, U.S.I.C.E, and ATTORNEY GENERAL, U.S., et al;

Respondents.

**8:26CV436**

**MEMORANDUM AND ORDER**

This matter comes before the Court on Fares Grandin's Petition for Writ of Habeas Corpus. Filing No. 1. He argues he is being unlawfully detained by Respondents. Because Grandin was afforded a bond hearing in immigration court, this Court is without authority to grant further relief. Accordingly, the Court denies the petition.

## I. BACKGROUND

Petitioner is a native and citizen of Haiti. Filing No. 8 at 3. On September 12, 2024, he entered the United States on a B-2 visitor visa which expired March 11, 2025. *Id.* On June 22, 2026, Petitioner was arrested for overstaying his visa. *Id.* He was placed into removal proceedings and has filed for asylum relief. Filing No. 1 at 6. On July 16, 2026, an immigration judge conducted a detention hearing and determined Petitioner was a flight risk and therefore was not entitled to be released on bond. Filing No. 8-4 at 1. Petitioner reserved appeal, but the record does not reveal if he appealed the decision or the status of any such appeal. *Id.* at 2. Petitioner's removal proceedings remain ongoing, with his next appearance scheduled for September 21, 2026. Filing No. 8 at 4.

Petitioner petitions for habeas corpus relief, arguing his detention is unlawful and he must be released. Filing No. 1.

## II. STANDARD OF REVIEW

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). This includes immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The petitioner seeking habeas relief must demonstrate he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## III. ANALYSIS

Petitioner argues he is being unlawfully held by Respondents. Filing No. 1 at 7. This Court has previously found that a non-citizen's detention without the opportunity for bond violates his due process rights under the three-part test set forth in *Mathews v. Eldridge*, 424 U.S. 319, (1976). *Espinoza-Avalos v. Blanche*, No. 8:26CV191, 2026 WL 1396593, at *3 (D. Neb. May 19, 2026). However, the evidence shows Petitioner *was* given a bond hearing, and bond was denied based on the immigration judge finding Petitioner to be a flight risk. Filing No. 8-4 at 1. Accordingly, Petitioner has already been afforded the only relief this Court can grant. To the extent his Petition can be read as requesting review of the bond denial, this Court lacks the authority to do so. 8 U.S.C. § 1226(e) ("No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien . . . .").

Petitioner also mentions he has been detained for two months. While there is case law that detention beyond six months is presumptively unreasonable, *Zadvydas v. Davis*,

533 U.S. 678, 701 (2001), Petitioner has not yet met this threshold, and, in any case, *Zadvydas* applies to post-removal detention during the period when the United States must attempt to effectuate removal. Here, because Petitioner's removal proceedings are ongoing, *Zadvydas* is inapposite. *See* 8 U.S.C. § 1231(a)(1)(B) (explaining the removal period begins once "the order of removal becomes administratively final"). This Court is without authority to grant Petitioner relief.

IT IS ORDERED:

1. Petitioner's Petition for Writ of Habeas Corpus, Filing No. 1, is denied.
2. The Court will enter a separate judgment.

Dated this 31st day of August, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge